HAMITER, Justice.
In this libel action plaintiff, Edward J. Nagim, seeks to recover $10,000 from deLesseps S. Morrison and Joseph L. Scheuring, Mayor and former Superintendent of Police of the City of New Orleans, respectively, the suit having been brought against them in both their individual and official capacities. It results from certain specific charges of law violations on the part of plaintiff contained in a proceeding before the Louisiana Board of Tax Appeals, instituted by the defendants in their official capacities on June 21, 1953, in which there was sought and obtained the revocation of beer and liquor permits issued to plaintiff for operating a retail saloon at 211 Canal Street in the City of New Orleans.
For a cause of action plaintiff alleged: “That the said charges and allegations and each and every one of them were and are false and untrue, since petitioner had, on May 18, 1953, sold all of his interest in the said premises to one Benjamin L. Levy, Jr., and was no' longer using the said licenses and permits nor was he in any way connected with the .operation of the premises located at 211 Canal Street, City of New Orleans.
“That the said petition and the charges made therein were published maliciously, with gross, wanton recklessness and without probable cause or even the slightest effort to ascertain the true facts, it having appeared as a matter of the defendant, City of .New Orleans’ records that on the date of the alleged misconduct and at all times, since, petitioner was in no manner concerned with the said licenses or permits or the said premises.”
Answering, defendants denied those allegations and affirmatively averred that they acted in their official capacities and according to law.
The suit was dismissed on the merits by the district court, and this appeal followed.
*829 Plaintiff concedes, to quote from the brief of his counsel, that “ * * * for recovery to be had herein, it was necessary for him to show that the defendants caused the publication of the libelous statements, that said statements were untrue, that their publication was malicious and without probable cause, and that plaintiff was damaged thereby. * * * ”
The record discloses that plaintiff obtained permits from the City of New Orleans and the State of Louisiana to operate during 1953 the Ship’s Bell Bar at 211 Canal Street in that city. On May 19, 1953 he went to the New Orleans Miscellaneous Revenue Department and informed an employee therein that he would no longer operate such establishment, at which time a notation to that effect was made on the department’s records. Similar information was not given to the State Revenue Department, however; nor did he ever surrender any of his permits.
In the early part of June, 1953 officers of the New Orleans Police Department made a routine investigation of the Ship’s Bell Bar and discovered violations of the liquor laws for which two persons working there were arrested and later convicted. Operation of the establishment at the time was under permits (which the officers located and examined) issued in the name of plaintiff. On making inquiry at the City and State Revenue Departments they were informed that all licenses for the conducting of a retail saloon at 211 Canal Street were still held by plaintiff. Thereupon,' the officers filed written reports reciting the foregoing information. Later, the defendant officials instituted the permit revocation proceedings before the Louisiana Board of Tax Appeals, the petition in which (containing the charges forming the- basis of this libel action) was prepared from and predicated solely on such written reports.
The evidence revealing this factual situation, together with the testimony of defendants that they were unacquainted with plaintiff and that they handled the revocation of his permits in the same manner as some fifty odd other similar matters about that time, indicates that the proceedings before the State Board of Tax Appeals were not instituted maliciously and without probable cause. Apparently conceding this, plaintiff (again quoting from the brief of his counsel) “ * * * contends that, although direct evidence may not have been adduced on this point, that malice, being subjective in nature, can be shown by corroborating circumstances. In the instant case it was shown that no steps had been taken, by either defendant, to rectify the gross injustice that had been done to this plaintiff, and plaintiff respectfully submits that, had the defendants acted -in good faith throughout, they would have initiated some action to right, this grievous wrong. * * * ”
*831 The answer to this contention appears to be that at no time did plaintiff request of defendants a retraction of the charges. The only demand made on them, contained in a letter written by his attorney, was that they pay to him $10,000 to compensate for damages which he sustained as a result of the accusations.
Since plainiff failed to establish that the allegedly libelous statements were made maliciously and without probable cause the district court correctly rejected his demand for damages.
For the reasons assigned the judgment appealed from is affirmed.